IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BIG ONION TAVERN GROUP, LLC; HEADQUARTERS BEERCADE LLC; MACHINE 1846 LLC; THE NEW 400 LLC; HARPER THEATER LLC; WELCOME BACK LLC; LEGACY HOSPITALITY LLC; MCBRIDES AURORA INC.; MCBRIDE'S PUB INC.; MCBRIDE'S ON 52 INC.; HOMESLYCE IS WHERE THE HEART IS LLC; 3458 NORCLARK RESTAURANT LLC; HAPPY CAMPER PIZZERIA LLC; 1913 NORTHCO LLC<br><br>                    Plaintiffs,<br><br>   v.<br><br>SOCIETY INSURANCE, INC.<br><br>                    Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Big Onion Tavern Group, LLC; Headquarters Beercade LLC; Machine 1846 LLC; The New 400 LLC; Harper Theater LLC; Welcome Back LLC; Legacy Hospitality LLC; McBrides Aurora Inc.; McBride's Pub Inc.; McBride's on 52 Inc.; Homeslyce Is Where The Heart Is LLC; 3458 Norclark Restaurant LLC, Happy Camper Pizzeria LLC, and 1913 Northco LLC ("Plaintiffs"), for their Complaint against Defendant Society Insurance, Inc. ("Society Insurance"), allege as follows:

## INTRODUCTION

1. Plaintiffs are owners and operators of restaurants and movie theaters in Chicago and its surrounding suburbs who have been forced, by recent orders issued by the State of Illinois, to cease their operations—through no fault of their own—as part of the State's efforts to slow the spread of the COVID-19 global pandemic. The closures mandated by these orders

present an existential threat to these small, local businesses that employ hundreds of Illinois residents. To protect their businesses from situations like these, which threaten their livelihoods based on factors wholly outside of their control, Plaintiffs obtained business interruption insurance from Society Insurance. In blatant breach of its insurance obligations that it voluntarily undertook in exchange for Plaintiffs' premium payments, Society Insurance has denied Plaintiffs' claims arising from the State-ordered interruption of their businesses.

2. As a result, Plaintiffs now bring this action against Society Insurance for its failure to honor its obligations under commercial businessowners insurance policies issued to Plaintiffs, which provide coverage for losses incurred due to a "necessary suspension" of their operations, including when their businesses are forced to close due to a government order.

3. On March 15, 2020, during the term of the policies issued by Society Insurance to Plaintiffs, Illinois Governor Pritzker issued an order first closing all restaurants, bars, and movie theaters to the public in an effort to address the ongoing COVID-19 pandemic. A few days later, on March 20, 2020, Governor Pritzker ordered all "non-essential businesses" to close. The March 15 and March 20 orders are hereinafter collectively referred to as the "Closure Orders."

4. As a result of the Closure Orders, the Plaintiffs have been forced to halt ordinary operations, resulting in substantial lost revenues and forcing the Plaintiffs to furlough or lay off the majority of their employees.

5. But despite Society Insurance's express promise in its policies to cover the Plaintiffs' business interruption losses when the government forces them to close, Society Insurance has issued blanket denials to Plaintiffs for any losses related to the Closure Orders—often within hours of receiving Plaintiffs' claims—without first conducting any meaningful coverage investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law.

1

6. In fact, on March 16, 2020, before many of the Plaintiffs had submitted their claims, the CEO of Society Insurance circulated a memorandum to its "agency partners," acknowledging that states, such as Illinois, had "taken steps to limit operations of certain businesses," but prospectively concluding that Society Insurance's policies would likely not provide coverage for losses due to a "governmental imposed shutdown due to COVID-19 (coronavirus)." A copy of this memorandum is attached here as "**Exhibit A**."

7. To the extent Society Insurance has provided any reason to Plaintiffs for its categorical assertion that Plaintiffs' losses are not covered, it is based on the assertion that the "actual or alleged presence of the coronavirus," which led to the Closure Orders that prohibited Plaintiffs from operating their businesses, does not constitute "direct physical loss." *See* March 23 Letter attached here as "**Exhibit B**."

8. But Society Insurance's conclusory statement that the actual or alleged presence of a substance like COVID-19 does not result in property damage is contrary to the law in Illinois. Illinois courts have consistently held that the presence of a dangerous substance in a property constitutes "physical loss or damage." *See, e.g.*, *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Int'l Ins. Co.*, 720 N.E.2d 622, 625–26 (Ill. Ct. App. 1999), as modified on denial of reh'g (Dec. 3, 1999).

9. Moreover, unlike many commercial property policies available in the market, the policies sold by Society Insurance do not include an exclusion for loss caused by a virus. Thus, Plaintiffs reasonably expected that the insurance they purchased from Society Insurance included coverage for property damage and business interruption losses caused by viruses like the COVID-19 coronavirus.

10. If Society Insurance had wanted to exclude pandemic-related losses under the Plaintiffs' policies—as many other insurers have done in other policies—it easily could have

attempted to do so on the front-end with an express exclusion. Instead, Society Insurance waited until after it collected Plaintiffs' premiums, and after a pandemic and the resulting Closure Orders caused catastrophic business losses to Plaintiffs, to try to limit its exposure on the back-end through its erroneous assertion that the presence of the coronavirus is not "physical loss" and therefore is not a covered cause of loss under its policies.

11. The fact that the insurance industry has created specific exclusions for pandemic-related losses under similar commercial property policies undermines Society Insurance's assertion that the presence of a virus, like the coronavirus, does not cause "physical loss or damage" to property. Indeed, if a virus could never result in a "physical loss" to property, there would be no need for such an exclusion. Moreover, Society Insurance's assertion ignores the fact that their policies promised to provide coverage for losses incurred due to government actions "taken in response to dangerous physical conditions," even if those dangerous physical conditions cause damage to property at locations other than those insured under their policies.

12. Thus, Society Insurance's wholesale, cursory coverage denials are arbitrary and unreasonable, and inconsistent with the facts and plain language of the policies it issued. These denials appear to be driven by Society Insurance's desire to preempt its own financial exposure to the economic fallout resulting from the COVID-19 crisis, rather than to initiate, as Society is obligate to do, a full and fair investigation of the claims and a careful review of the policies they sold to Plaintiffs in exchange for valuable premiums.

13. As a result of Society Insurance's wrongful denial of coverage, Plaintiffs file this action for a declaratory judgment establishing that they are entitled to receive the benefit of the insurance coverage they purchased, for indemnification of the business losses they have sustained, for breach of contract, and for bad faith claims handling under 215 ILCS 5/155.

**PARTIES**

14.     Plaintiff Big Onion Tavern Group LLC ("Big Onion") is an Illinois limited liability company, with its principal place of business in Chicago, Illinois. Big Onion's sole member is Erik Baylis, a citizen of Illinois. Big Onion operates the following restaurants in Chicago: Fatpour Tap Works – Wicker Park, Fatpour Tap Works – McCormick Place, Hopsmith, Woodie's Flat, The Irish Oak, Brunch, and Centre Street Kitchen. Big Onion has a Businessowners Policy from Society Insurance, Policy No. BP18003904-1, which covered losses for occurrences at each of Big Onion's restaurants.

15.     Plaintiff Headquarters Beercade LLC ("Headquarters Beercade") is an Illinois limited liability company. The members of Headquarters Beercade are Brian Galati, Chireal Jordan, both citizens of Illinois, and Wexmore Investments LLC. The members of Wexmore Investments LLC are the Bruce Wechsler Revocable Trust, the Wechsler Family GST Trust, the Morris Family Trust, the David and Antonia Mason Trust, and the Amanda F. Morris Trust. The trustee of the Bruce Wechsler Revocable Trust is Bruce Wechsler, a citizen of Illinois. The trustees of the Wechsler Family GST Trust are Jeremy Wechsler, David Wechsler, and Sandra Wechsler, citizens of Illinois. The trustees of the Morris Family Trust are Jeffrey Morris and Mona Morris, citizens of California. The trustees of the David and Antonia Mason Trust are David and Antonia Mason, citizens of California. The trustee of the Amanda F. Morris Trust is Amanda Morris, a citizen of California. Headquarters Beercade operates Headquarters Beercade – River North in Chicago. Headquarters Beercade LLC has a Businessowners Policy from Society Insurance, Policy No. BP17034010-6.

16.     Plaintiff Machine 1846 LLC ("Machine 1846") is an Illinois limited liability company. The members of Machine 1846 are Neil Lauer, Brian Galati, and Chireal Jordan, citizens of Illinois. Machine 1846 operates Machine: Engineered Dining & Drink in Chicago's

Wicker Park neighborhood. Machine 1846 has a Businessowners Policy from Society Insurance, Policy No. BP18010967-2.

17. Plaintiff The New 400 LLC ("The New 400") is an Illinois limited liability company. The sole member of The New 400 is Tony Fox, a citizen of Illinois. The New 400 operates the New 400 Theater in Chicago. The New 400 has a Businessowners Policy from Society Insurance, Policy No. BP16015184-3.

18. Plaintiff Harper Theater LLC ("Harper Theater") is an Illinois limited liability company. The sole member of Harper Theater is Tony Fox, a citizen of Illinois. Harper Theater operates the Harper Theater in Chicago. Harper Theater has a Businessowners Policy from Society Insurance, Policy No. BP560202-7.

19. Plaintiff Welcome Back LLC ("Welcome Back") is an Illinois limited liability company. The members of Welcome Back are Illinois citizens Ryan Marks, Matthew Denk, Eric Jenema, Nicholas Filimon, and Robert Kabakoff, as well as Florida citizen Roger Marks. Welcome Back owns Welcome Back Restaurant in Chicago. Welcome Back has a Businessowners Policy from Society Insurance, Policy No. BP18035428-1.

20. Plaintiff Legacy Hospitality LLC ("Legacy Hospitality") is a Florida limited liability company. The members of Legacy Hospitality are Ryan Marks, a citizen of Illinois, and Roger Marks, a citizen of Florida. Legacy Hospitality operates The Vig and The Whale restaurants in Chicago. Legacy Hospitality has a Businessowners Policy from Society Insurance, Policy No. BP18012824-1.

21. Plaintiff McBrides Aurora Inc. ("McBrides Aurora") is an Illinois corporation with its principal place of business in Illinois. McBrides Aurora operates the pub McBride's North in Aurora, Illinois. McBrides Aurora has a Businessowners Policy from Society Insurance, Policy No. TRM 591971-4.

22. Plaintiff McBride's Pub Inc. ("McBride's Pub") is an Illinois corporation with its principal place of business in Illinois. McBride's Pub operates McBride's Pub & Grille in Plainfield, Illinois. McBride's Pub has a Businessowners Policy from Society Insurance, Policy No. TRM 554796-7.

23. Plaintiff McBride's on 52 Inc. ("McBride's on 52") is an Illinois corporation with its principal place of business in Illinois. McBride's on 52 Inc. operates the pub McBride's on 52 in Joliet, Illinois. McBride's on 52 has a Businessowners Policy from Society Insurance, Policy No. TRM 577259-6.

24. Plaintiff Homeslyce Is Where the Heart Is LLC ("Homeslyce") is and Illinois limited liability company. The members of Homeslyce are:

   a. Illinois citizens Clay Hamilton, Josh Iachelli, Scott Behrens, Greg Boyle, Mark Posner, Edward McLoughlin, Troy Schira, Steven Troy Schira, Glenn Hughes, Lance Lauderdale;

   b. Oregon citizens Curt Bennett, Jason Miller, Stephen Harper, Kenneth MacDonald, Linda MacDonald;

   c. Colorado citizens Jarka Durba and Stephen Kern;

   d. The Jacobs Family Trust. The trustee of The Jacobs Family Trust is Jay Jacobs, a citizen of Montana;

   e. North Carolina citizen Michael Kutcher;

   f. Washington citizen Benjamin Wallace;

   g. Stem Ltd Partnership. The partners of Stem Ltd Partnership are Florida citizen Ed McLoughlin and Illinois citizens Tim McLoughlin and Megan Horwath; and

h. In Your Eye LLC. The members of In Your Eye LLC are Illinois citizens Tim Callahan, Peter Forker, Fred Gonzalez, Anita Rambhajan, Ernest Brown, Todd Baraniak, Aaron Baum, Maureen Callahan, and Glen Keefer.

Homeslyce operates Homeslice Restaurant in Chicago. Homeslyce has a Businessowners Policy from Society Insurance, Policy No. BP17001670.

25. Plaintiff Happy Camper Pizzeria LLC ("Happy Camper Pizzeria") is an Illinois limited liability company. Happy Camper Pizzeria's members are:

a. Illinois citizens Clay Hamilton, Josh Iachelli, Scott Behrens, Greg Boyle, Renee Boyle, Matthew Wilke, Brooke Wilke, Edward McLoughlin, Stephen Madry, Valerie Vlahos, Troy Schira, Gaurav Vajaria, and Glenn Hughes;

b. Oregon citizens Carol Bennett, Curt Bennett, Stephen Harper, Kenneth MacDonald, and Linda MacDonald;

c. North Carolina citizen Michael Kutcher;

d. Indiana citizens Thomas Jones and Tamara Jones;

e. Washington citizen Benjamin Wallace;

f. Texas citizen Chris Tartara;

g. Stem Ltd Partnership. The partners in Stem Ltd Partnership are Florida citizen Ed McLoughlin and Illinois citizens Tim McLoughlin and Megan Horwath;

h. CK 1029 LLC. CK 1029 LLC's members are Illinois citizens Kevin Killerman and Carmen Rossi; and

i. Dopey Camper, LLC. Dopey Camper, LLC's members are Illinois citizens Tim Callahan, Peter Forker, Anita Rambhajan, Ernest Brown, Todd Baraniak, Aaron Baum, Maureen Callahan, and Rebecca Carl.

7

Happy Camper Pizzeria operates the Happy Camper Pizzeria restaurant in Chicago's Old Town neighborhood. Happy Camper Pizzeria has a Business Owners Policy from Society Insurance, Policy No. BP15015198-4.

26. Plaintiff 3458 Norclark Restaurant LLC ("3458 Norclark Restaurant") is an Illinois limited liability company. The members of 3458 Norclark Restaurant are Illinois citizens Clay Hamilton, Josh Iachelli, and Kevin Killerman. 3548 Norclark Restaurant operates Happy Camper Pizzeria in Chicago's Lakeview neighborhood. 3548 Norclark has a Businessowners Policy from Society Insurance, Policy No. BP19020696-0.

27. Plaintiff 1913 Northco LLC ("1913 Northco") is an Illinois limited liability company. The members of 1913 Northco are:

   a. Illinois citizens Clay Hamilton, Josh Iachelli, Greg Boyle, Edward McLoughlin, Stephen Madry, and Valerie Vlahos;

   b. Oregon citizens Curt Bennett, Stephen Harper, Kenneth MacDonald, and Linda MacDonald;

   c. Colorado citizen Stephen Kern;

   d. North Carolina citizen Michael Kutcher;

   e. Indiana citizens Thomas Jones and Tamara Jones;

   f. Washington citizen Benjamin Wallace;

   g. Stem Ltd Partnership. The partners in Stem Ltd Partnership are Florida citizen Ed McLoughlin and Illinois citizens Tim McLoughlin and Megan Horwath;

   h. Trailer Park Eating, LLC. The members of Trailer Park Eating, LLC are Illinois citizens Tim Callahan, Peter Forker, Anita Rambhajan, Ernest Brown, Todd Baraniak, Aaron Baum, Maureen Callahan, and Ryan Reed; and

      i.    Mystic Pizza Holding, LLC. The members of Mystic Pizza Holding, LLC are Illinois citizen Ethan Samson, RM/MM Millennium Partnership, and the Kevin J. Brown 1995 Trust dated 11/11/2015. The partners of RM/MM Millennium Partnership are Illinois citizens Jerrod Melman, Molly Melman, and RJ Melman. The trustee of the Kevin J. Brown 1995 Trust dated 11/11/2015 is Kevin Brown, a citizen of Illinois.

1913 Northco operates Paradise Park restaurant in Chicago's Wicker Park neighborhood. 1913 Northco has a Businessowners Policy from Society Insurance, Policy No. BP18022240-1.

28. Defendant Society Insurance is an insurance company engaged in the business of selling insurance contracts to commercial entities such as Plaintiffs in Illinois and elsewhere. Society Insurance is incorporated in the State of Wisconsin and maintains its principal place of business in Wisconsin.

## **JURISDICTION & VENUE**

29. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

30. This Court has personal jurisdiction over Society Insurance pursuant to the Illinois "long arm statute," 735 ILCS 5/2-209, because Society Insurance has submitted to jurisdiction in this state by: (a) transacting business in Illinois; (b) contracting to insure a person, property or risk located within Illinois at the time of contracting; and (c) making a contract substantially connected with Illinois. See 735 ILCS 5/2-209(1), (4), (7). In addition, Society Insurance exercises substantial, systematic and continuous contacts with Illinois by doing business in Illinois, serving insureds in Illinois, and seeking additional business in Illinois.

31. This Court has jurisdiction to grant declaratory relief under 28 U.S.C. § 2201 because an actual controversy exists between the parties as to their respective rights and obligations under the Policy with respect to the loss of business arising from the civil authority event detailed below.

32. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise to Plaintiffs' claims occurred within the Northern District of Illinois.

## FACTUAL ALLEGATIONS

33. Plaintiffs incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1–32 above.

### A. The Society Insurance Policies

34. In exchange for substantial premiums, Society Insurance sold commercial property insurance policies promising to indemnify the Plaintiffs for losses resulting from occurrences, including the "necessary suspension" of business operations at any insured location caused by a government order, during the relevant time period (each a "Policy" and collectively, the "Policies").

35. Each Policy was issued to Plaintiffs at their principal places of business in Illinois.

36. The relevant provisions setting forth the scope of coverage for business interruption losses are the same under each Policy. An example of a Policy is attached here as "**Exhibit C**."

37. The Policy is an "all risk" policy that provides broad coverage for losses caused by any cause unless expressly excluded.

38. The Society Insurance Policies do not exclude losses from viruses or pandemics. Thus, the all-risk Policies purchased by the Plaintiffs cover losses caused by viruses, such as COVID-19.

39. In addition to property damage losses, Society Insurance also agreed to "pay for the actual loss of Business Income" sustained by Plaintiffs "due to the necessary suspension" of Plaintiffs' operations during the period of business interruption caused by "by direct physical loss of or damage to covered property" at the insured's premises.

40. With respect to business interruption losses, "suspension" means: (1) "the partial slowdown or complete cessation of your business activities"; or (2) "that a part or all of the described premises is rendered untenantable if coverage for Business Income applies."

41. "Business Income" is defined in relevant part under the Policies as "Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred if no physical loss or damage had occurred" plus "continuing necessary operating expenses incurred."

42. Society Insurance also promised to "pay necessary Extra Expense" Plaintiffs incur during the period of interruption that they "would not have incurred if there had been no direct physical loss or damage to covered property at the described premises."

43. "Extra Expense" is defined in relevant part under the Policies as any expense incurred (1) "to avoid or minimize the suspension of business and to continue operations at the described premises"; (2) "[t]o minimize the suspension of business if [Plaintiffs] cannot continue operations"; or (3) "to [r]epair or replace any property[.]"

44. The Society Insurance Policies also include "Civil Authority" coverage, pursuant to which Society Insurance promised to pay for the loss of Business Income and necessary Extra Expense sustained by Plaintiffs "caused by action of civil authority that prohibits access" to Plaintiffs' insured premises.

45. This Civil Authority coverage is triggered when any non-excluded cause results in "damage to property other than property" at the Plaintiffs' premises, and is intended to cover losses resulting from governmental actions "taken in response to dangerous physical conditions."

**B. The Plaintiffs' Losses Due to the Coronavirus Pandemic and the Closure Orders.**

46. On March 11, 2020, the World Health Organization declared that the emerging threat from the novel coronavirus—otherwise known as COVID-19—constituted a global pandemic.

47. Emerging research on the virus and recent reports from the CDC indicate that the COVID-19 strains physically infect and can stay alive on surfaces for at least 17 days, a characteristic that renders property exposed to the contagion potentially unsafe and dangerous. Other research indicates that the virus may linger on surfaces for up to four weeks in low temperatures.

48. In response to the pandemic, and the spread of the coronavirus in Chicago and throughout Illinois, Illinois Governor Pritzker issued Executive Order 2020-07 on March 15, 2020 requiring that all bars, restaurants, and movie theaters close to the public beginning on March 16, 2020 and continuing through March 30, 2020.

49. The continuous presence of the coronavirus on or around Plaintiffs' premises has rendered the premises unsafe and unfit for their intended use and therefore caused physical property damage or loss under the Policies.

50. Executive Order 2020-07 was issued in direct response to these dangerous physical conditions, and prohibited the public from accessing Plaintiffs' restaurants, thereby causing the necessary suspension of their operations and triggering the Civil Authority coverage under the Policies. Executive Order 2020-07 specifically states, "the Illinois Department of Public Health recommends Illinois residents avoid group dining in public settings, such as in

12

bars and restaurants, which usually involves prolonged close social contact contrary to recommended practice for social distancing," and that "frequently used surfaces in public settings, including bars and restaurants, if not cleaned and disinfected frequently and properly, also pose a risk of exposure."

51. Governor Pritzker's March 20, 2020 Closure Order (Executive Order 2020-10) closing all "non-essential" businesses in Illinois, including all restaurants and movie theaters, likewise was made in direct response to the continued and increasing presence of the coronavirus on property or around Plaintiffs' premises.

52. Like the March 15, 2020 Closure Order, the March 20, 2020 Order prohibited the public from accessing Plaintiffs' restaurants, thereby causing the necessary suspension of their operations and triggering the Civil Authority coverage under the Policies.

53. As a result of the Closure Orders, the Plaintiffs have each suffered substantial Business Income losses and incurred Extra Expense. The covered losses incurred by Plaintiffs and owed under the Policies is increasing every day, but are expected to exceed $10 million dollars. As a result of these catastrophic losses, many of the Plaintiffs have been forced to furlough their workers and may have to close some or all of their locations permanently.

54. Following the March 15, 2020 Closure Order, the Plaintiffs each submitted a claim to Society Insurance requesting coverage for their business interruption losses promised under the Policies (collectively, the "Closure Order Claims").

55. Society Insurance has denied each of the Closure Order Claims, either verbally or in writing.

**COUNT I: DECLARATORY JUDGMENT**

56. Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1–55 above.

57. Each Policy is an insurance contract under which Society Insurance was paid premiums in exchange for its promise to pay Plaintiffs' losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close their businesses.

58. Plaintiffs have complied with all applicable provisions of the Policies, including payment of the premiums in exchange for coverage under the Policies.

59. Society Insurance has arbitrarily and without justification refused to reimburse Plaintiffs for any losses incurred by Plaintiffs in connection with the covered business losses related to the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

60. An actual case or controversy exists regarding Plaintiffs' rights and Society Insurance's obligations under the Policies to reimburse Plaintiffs for the full amount of losses incurred by Plaintiffs in connection with Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

61. Pursuant to 28 U.S.C. § 2201, Plaintiffs seek a declaratory judgment from this Court declaring the following:

(a) Plaintiffs' losses incurred in connection with the Closure Orders and the and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under the Policies;

(b) Society Insurance has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiffs' losses by issuing blanket coverage denials without conducting a claim investigation as required under Illinois law; and

(c) Society Insurance is obligated to pay Plaintiffs for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

## COUNT II: BREACH OF CONTRACT

62. Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1–61 above.

63. Each Policy is an insurance contract under which Society Insurance was paid premiums in exchange for its promise to pay Plaintiffs' losses for claims covered by the Policy, such as business losses incurred as a result of the government orders forcing them to close their businesses.

64. Plaintiffs have complied with all applicable provisions of the Policies, including payment of the premiums in exchange for coverage under the Policies, and yet Society Insurance has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

65. By denying coverage for any business losses incurred by Plaintiffs in connection with the Closure Orders and the COVID-19 pandemic, Society Insurance has breached its coverage obligations under the Policies.

66. As a result of Society Insurance's breaches of the Policies, Plaintiffs have sustained substantial damages for which Society Insurance is liable, in an amount to be established at trial.

## COUNT III: STATUTORY PENALTY FOR BAD FAITH DENIAL OF INSURANCE UNDER 215 ILCS 5/155

67. Plaintiffs incorporate by reference, as if fully set forth herein, the facts set forth in paragraphs 1–66 above.

68. Upon receipt of the Closure Order Claims, Society Insurance immediately denied the claims (either verbally or through cursory emails) without conducting any investigation, let alone a "reasonable investigation based on all available information" as required under Illinois law. See 215 ILCS 5/154.6.

15

69. To make matters worse, based on information and belief, Society Insurance directed its insurance agents, who are not Plaintiffs' agents, to make sham claim notifications before Society Insurance's policyholders even noticed their claims. Society Insurance took these actions, before claims were even submitted, as part of its plan to discourage claim notifications and to avoid any responsibility for its policyholders' staggering losses, in violation of Illinois law.

70. Society Insurance's denials were vexatious and unreasonable.

71. Society Insurance's denials constitute "improper claims practices" under Illinois law—namely Society Insurance's (1) refusals to pay Plaintiffs' claims without conducting reasonable investigations based on all available information and (2) failure to provide reasonable and accurate explanations of the bases in its denials. See 215 ILCS 5/154.6 (h), (n).

72. In several cases, Society Insurance offered no reason for its denials and failed to raise any bona fide disputes as to the whether the claims were covered by the Policies.

73. Therefore, pursuant to 215 ILCS 5/155, Plaintiffs request that, in addition to entering a judgment in favor of Plaintiffs and against Society Insurance for the amount owed under the Policies at the time of judgment, the Court enter a judgment in favor of Plaintiffs and against Society Insurance for an amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiffs are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff. See 215 ILCS 5/155.

74. Plaintiffs further requests that the Court enter a judgment in favor of Plaintiffs and against Society Insurance in an amount equal to the attorneys' fees and costs incurred by Plaintiffs for the prosecution of this coverage action against Society Insurance, which amount will be proved at or after trial, pursuant to 215 ILCS 5/155.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that the Court:

1. Enter a declaratory judgment on Count II of the Complaint in favor of Plaintiffs and against Society Insurance, declaring as follows:

    (a) Plaintiffs' losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under the Policies;

    (b) Society Insurance has waived any right it may have had to assert defenses to coverage or otherwise seek to bar or limit coverage for Plaintiffs' losses by issuing blanket coverage denials without conducting a claim investigation as required under Illinois law; and

    (c) Society Insurance is obligated to pay Plaintiffs for the full amount of the losses incurred and to be incurred in connection with the covered business losses related to the Closure Orders during the four-week indemnity period and the necessary interruption of their businesses stemming from the COVID-19 pandemic.

2. Enter a judgment on Count II of the Complaint in favor of Plaintiffs and against Society Insurance and award damages for breach of contract in an amount to be proven at trial;

3. Enter a judgment on Count III of the Complaint in favor of Plaintiffs and against Society Insurance in the amount equal to amount equal to the greater of (1) 60% of the amount which the trier of fact finds that Plaintiffs are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff;

4. Enter a judgment in favor of Plaintiffs and against Society Insurance in an amount equal to all attorneys' fees and related costs incurred for the prosecution of this coverage action against Society Insurance, pursuant to 215 ILCS 5/155, which amount to be established at the conclusion of this action;

5. Award to Plaintiffs and against Society Insurance prejudgment interest, to be calculated according to law, to compensate Plaintiffs for the loss of use of funds caused by Society Insurance's wrongful refusal to pay Plaintiffs for the full amount in costs incurred in connection with Closure Order Claims.

6. Award Plaintiffs such other, further, and additional relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues so triable.

Respectfully submitted this 27th day of March 2020.

/s/ Patrick M. Collins
Patrick M. Collins
Christopher J. O'Malley
KING & SPALDING LLP
353 N Clark Street
12th Floor
Chicago, IL 60654
312-764-6901 (Phone)
pcollins@kslaw.com
comalley@kslaw.com


Shelby S. Guilbert, Jr.
Joseph M. Englert
(*pro hac vice* motions pending)
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA  30309
(404) 572-4600 (Phone)
sguilbert@kslaw.com
jenglert@kslaw.com

*Attorneys for Plaintiffs*